IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| COMMONWEALTH OF KENTUCKY *ex rel.* ANDY BESHEAR, ATTORNEY GENERAL, <br><br> Plaintiff, <br><br> v. <br><br> CARDINAL HEALTH 5, LLC; CARDINAL HEALTH 100, INC.; CARDINAL HEALTH 108, LLC; CARDINAL HEALTH 110, LLC; CARDINAL HEALTH 113, LLC; CARDINAL HEALTH 132, LLC; CARDINAL HEALTH 200, LLC; CARDINAL HEALTH 414, LLC; AND THE HARVARD DRUG COMPANY, LLC, D/B/A MAJOR PHARMACEUTICALS, D/B/A RUGBY LABORATORIES <br><br> Defendants. | CIVIL ACTION NO. 3:18-cv-00184 <br><br> Judge David J. Hale |

## DEFENDANTS' MOTION TO STAY PENDING RULING BY UNITED STATES JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

Defendants Cardinal Health 5, LLC; Cardinal Health 100, Inc.; Cardinal Health 108, LLC; Cardinal Health 110, LLC; Cardinal Health 113, LLC; Cardinal Health 132, LLC; Cardinal Health 200, LLC; Cardinal Health 414, LLC; and The Harvard Drug Company, LLC, d/b/a Major Pharmaceuticals, d/b/a Rugby Laboratories (collectively, "Cardinal"), hereby move for an order to stay the proceedings in this action pending a ruling by the United States Judicial Panel on Multidistrict Litigation (the "JPML") on the application to transfer this action to another district for pretrial proceedings under 28 U.S.C. § 1407 as follows:

1

1.      This lawsuit is one of more than 450 federal actions pending nationwide in which government entities and/or others assert claims against pharmaceutical manufacturers, distributors, and/or physicians (including Cardinal) relating to the sale, marketing, and distribution of FDA-approved prescription opioid medications.

2.      The Attorney General of the Commonwealth of Kentucky filed this lawsuit on behalf of the Commonwealth of Kentucky ("Plaintiff") on February 19, 2018, and Cardinal removed it to the Western District of Kentucky on March 26, 2018.  Dkt. 1.

3.      On December 5, 2017, the JPML ordered the transfer of more than 60 pending actions "concern[ing] the alleged improper marketing of and inappropriate distribution of various prescription opiate medications" to the United States District Court for the Northern District of Ohio, Honorable Dan A. Polster, presiding, for coordinated or consolidated pretrial proceedings (the "MDL Proceeding").  *See In re Nat'l Prescription Opiate Litig.*, MDL No. 2804, Dkt. 328, Transfer Order & Schedule A.  *See* JPML Dkt. 368 (transferring 115 actions to the MDL); JPML Dkt. 401 (transferring 8 actions to the MDL); JPML Dkt. 525 (transferring 37 actions to the MDL); JPML Dkt. 546 (transferring 33 actions to the MDL); JPML Dkt. 601 (transferring 44 actions to the MDL); JPML Dkt. 654 (transferring 16 actions to the MDL); JPML Dkt. 668 (transferring 8 actions to the MDL); JPML Dkt. 716 (transferring 12 actions to the MDL); JPML Dkt. 753 (transferring 19 actions to the MDL); JPML Dkt. 772 (transferring 18 actions to the MDL); JPML Dkt. 779 (transferring 19 actions to the MDL); JPML Dkt. 817 (transferring 5 actions to the MDL); JPML Dkt. 871 (transferring 8 actions to the MDL); JPML Dkt. 899 (transferring 6 actions to the MDL); JPML Dkt. 962 (transferring 23 actions to the MDL).  Furthermore, the JPML recently issued its sixteenth and seventeenth Conditional Transfer Orders, which encompass another 44 actions.  *See In re Nat'l Prescription Opiate Litig.*, MDL

No. 2804, Dkt. 907, 965.  The MDL Proceeding has also consolidated additional cases from the Northern District of Ohio, which have been transferred within that District without the participation of the JPML, for a total of over 450 cases currently in the MDL.  *See, e.g.*, Docket for *City of Toledo v. Purdue Pharma LP et al*, 17-op-45005-DAP (N.D. Ohio), Docket for *County of Lake v. Purdue Pharma L.P. et al*, 18-op-45032-DAP (N.D. Ohio).

4. These transfers have not been limited to actions brought by cities and counties.  In fact, a number of actions filed by state attorneys general have either been transferred or tagged for inclusion and conditionally transferred to the MDL, including an action brought by the Kentucky Attorney General against another opioid distributor.  *See* JPML D.I. 798 (conditionally transferring action brought by Kentucky Attorney General); *see also* JPML D.I. No. 779 (transferring action brought by Alabama Attorney General); JPML D.I. 835 (conditionally transferring action brought by Montana Attorney General).

5. Cardinal has filed with the JPML a Notice of Potential Tag-Along Actions covering this case, bringing this action to the attention of the JPML for potential transfer to the MDL Proceeding.  *In re Nat'l Prescription Opiate Litig.*, MDL No. 2804, Dkt. 1027 (attached as **Exhibit 1**).

6. A stay of this action is warranted to further the purposes of MDL consolidation or coordination by conserving judicial resources, preventing inconsistent pretrial rulings, and promoting the interest of justice. *See Short v. Conagra Foods, Inc.*, No. 08-112, 2008 WL 2559244, at *1 (E.D. Ky. June 23, 2008) (staying case pending JPML's resolution of motion to transfer "in the interest of efficiency and judicial economy"); *ZeniMax Media Inc. v. Samsung Elecs. Co., Ltd.*, No. 3:17- CV-1288, 2017 WL 4805524, at *1 (E.D. Tex. Oct. 25, 2017) ("Concluding that a stay will conserve the court's resources, avoid duplicative litigation, and

avoid inconsistent rulings, the court stays the case."); *Halliburton Energy Servs., Inc. v. BP Exploration & Production Inc.*, 2012 WL 149525, at *2-3 (S.D. Tex. Jan. 18, 2012) (granting contested motion to stay pending decision by MDL Panel); *Vedros v. Northrop Grummann Shipbuilding, Inc.*, No. 11-1198, 2011 WL 2432955, at *1 (E.D. La. June 15, 2011) (same); *Ellis v. Merck & Co.*, No. 06-1005, 2006 WL 448694, at *2 (W.D. Tenn. Feb. 19, 2006) (staying proceedings pending decision by MDL panel because prejudice would be "minimal" while the risk of "duplicative motions and discovery is significant"); *see also Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1362 (C.D. Cal. 1997) ("[I]t appears that a majority of courts have concluded that it is often appropriate to stay preliminary pretrial proceedings while a motion to transfer and consolidate is pending with the MDL panel because of the judicial resources that are conserved.").

7. For these same reasons, federal district courts in over 30 similar opioid-related cases subject to transfer to the MDL have stayed the cases in order to conserve the courts' and the parties' resources.[1]

---

[1] *See, e.g.*, *Chicago v. Janssen Pharm. Inc. et al.*, No. 1:14-cv-4361, ECF No. 659 (N.D. Ill. Nov. 16, 2017) (granting Defendants' opposed motion for "stay pending decision by JPML on a motion to transfer"); *County of Wayne v. Purdue Pharma L.P.*, No. 17-cv-13334, ECF No. 29 (E.D. Mich. Nov. 15, 2017) (finding a stay "appropriate in order to allow the [JPML] to hear and rule on the consolidation motion"); *Lewis v. Purdue Pharma, L.P.*, No. 5:17-cv-5118, Dkt. # 57 (W.D. Ark. Oct. 25, 2017) (holding deadlines and hearing dates in abeyance); *see also Knott Cnty. v. Purdue Pharma L.P.*, No. 7:18-CV-0006, slip. op. at *1 (E.D. Ky. Jan. 31, 2018); *Floyd Cnty. v. Purdue Pharma L.P.*, No. 7:17-cv-00186, slip. op. at *1 (E.D. Ky. Jan. 22, 2018) (concluding that, because "Judge Polster has indicated his desire to address motions to remand collectively" in the Opiate MDL, deferral of a Motion to Remand to be decided by the MDL court was appropriate); *Anderson Cnty. v. AmerisourceBergen Drug Corp. et al.*, No. 17-cv-00070, slip op. at *1 (E.D. Ky. Nov. 3, 2017); *Boone Cnty. v. AmerisourceBergen Drug Corp. et al.*, No. 17-cv-00157, slip op. at *1 (E.D. Ky. Nov. 3, 2017); *Boyle Cnty. v. AmerisourceBergen Drug Corp. et al.*, No. 17-cv-00367, slip op. at *1 (E.D. Ky. Nov. 3, 2017); *Campbell Cnty. v. AmerisourceBergen Drug Corp. et al.*, No. 17-cv-00167, slip op. at *1 (E.D. Ky. Nov. 3, 2017); *Garrard Cnty. v. AmerisourceBergen Drug Corp. et al.*, No. 17- cv-00369, slip op. at *1 (E.D. Ky. Nov. 3, 2017); *Fleming Cnty. v. AmerisourceBergen Drug Corp. et al.*, No. 17-cv-00368, slip op. at *1 (E.D. Ky. Nov. 3, 2017); *Harlan Cnty. v. AmerisourceBergen Drug Corp. et al.*, No. 17-cv-00247, slip op. at *1 (E.D. Ky. Nov. 3, 2017); *Knox Cnty. v.*

8. Even in the event Plaintiff files a Motion to Remand in this case, a stay of these proceedings is no less warranted. In *Brockel v. Purdue Pharma L.P.*, Chief Judge Kristi K. DuBose granted defendants' motion to stay, deemed plaintiff's motion to remand moot, addressed the opioid litigation MDL and the CTO that included *Brockel*, and ruled that allowing the JPML proceedings to continue is the proper course that is "better calculated to vindicate the interests of judicial economy, consistency of result, and minimization of prejudice to the parties." *Estate of Brockel v. Purdue Pharma L.P.*, No. 1:17-cv-00521, Dkt. No. 58 at 11 (S.D. Ala. Feb. 27, 2018). A copy of the *Brockel* Order is attached as **Exhibit 2**.[2]

9. Given the lack of prejudice to any party of a temporary stay and the reasonable expectation that the JPML will decide whether to transfer this case within a reasonable amount of time, Cardinal believes it is prudent to stay this case pending the issuance of the JPML's decision on whether to transfer it.

---

*AmerisourceBergen Drug Corp. et al.*, No. 17-cv-00248, slip op. at *1 (E.D. Ky. Nov. 3, 2017); *Leslie Cnty. v. AmerisourceBergen Drug Corp. et al.*, No. 17-cv- 00249, slip op. at *1 (E.D. Ky. Nov. 3, 2017); *Lincoln Cnty. v. AmerisourceBergen Drug Corp. et al.*, No. 17-cv-00370, slip op. at *1 (E.D. Ky. Nov. 3, 2017); *Madison Cnty. v. AmerisourceBergen Drug Corp. et al.*, No. 17-cv-00371, slip op. at *1 (E.D. Ky. Nov. 2, 2017); *Nicholas Cnty. v. AmerisourceBergen Drug Corp. et al.*, No. 17-cv-00373, slip op. at *1 (E.D. Ky. Nov. 2, 2017); *Franklin Cnty. v. AmerisourceBergen Drug Corp. et al.*, No. 17-cv- 00071, slip op. at *1 (E.D. Ky. Nov. 2, 2017); *Henry Cnty. v. AmerisourceBergen Drug Corp. et al.*, No. 17-cv-00073, slip op. at *1 (E.D. Ky. Nov. 2, 2017); *Shelby Cnty. v. AmerisourceBergen Drug Corp. et al.*, No. 17-cv-00072, slip op. at *1 (E.D. Ky. Nov. 2, 2017); *Kenton Cnty. v. AmerisourceBergen Drug Corp. et al.*, No. 17-cv-00182, slip op. at *1 (E.D. Ky. Nov. 2, 2017); *Bell Cnty. v. AmerisourceBergen Drug Corp. et al.*, No. 17-cv-00246, slip op. at *1 (E.D. Ky. Oct. 27, 2017); *City of Lorain v. Purdue Pharma, L.P.*, No. 1:17-cv- 01639, Dkt. # 66 (N.D. Ohio Oct. 27, 2017); *Boyd Cnty. v. AmerisourceBergen Drug Corp. et al.*, No. 17-cv-00104, slip op. at *1 (E.D. Ky. Oct. 27, 2017); *Greenup Cnty. v. AmerisourceBergen Drug Corp. et al.*, No. 17-cv-00105, slip op. at *1 (E.D. Ky. Oct. 27, 2017); *Clay Cnty. v. AmerisourceBergen Drug Corp. et al.*, No. 17-cv-00255, slip op. at *1 (E.D. Ky. Oct. 27, 2017); *Pendleton Cnty. v. AmerisourceBergen Drug Corp. et al.*, No. 17-cv- 00070, slip op. at *1 (E.D. Ky. Oct. 27, 2017); *Whitley Cnty. v. AmerisourceBergen Drug Corp. et al.*, No. 17-cv-00250, slip op. at *1 (E.D. Ky. Oct. 27, 2017).

[2] On March 12, 2018—after the *Brockel* court denied the plaintiff's motion for reconsideration of the decision to stay and defer ruling on remand—the plaintiff filed a Petition for Writ of Mandamus with the Eleventh Circuit. That same day, the Alabama state court in which *Brockel* was originally filed issued an order recognizing that the federal court has retained jurisdiction over the case.

WHEREFORE, Cardinal hereby respectfully requests an order (a) vacating all current deadlines, including any deadlines to respond to the complaint; and (b) staying all proceedings in the above-captioned action (including Defendants obligations to respond to the Complaint) until further order of (i) the United States District Court for the Northern District of Ohio, if this matter is transferred to the MDL Proceeding; or (ii) this Court, if this matter is not transferred.

Cardinal further respectfully proposes that, if this matter is not transferred, the Court permit the parties an opportunity to confer and propose a new set of case management deadlines.

Dated this the 27th day of March, 2018.

                                                Respectfully submitted,

                                                /s/Steven B. Loy
                                                Steven B. Loy
                                                Perry M. Bentley
                                                Monica H. Braun
                                                Stoll Keenon Ogden PLLC
                                                300 West Vine Street, Suite 2100
                                                Lexington, KY 40507-1801
                                                Telephone: (859) 231-3000
                                                Fax: (859) 253-1093
                                                steven.loy@skofirm.com
                                                perry.bentley@skofirm.com
                                                monica.braun@skofirm.com

Enu Mainigi*
F. Lane Heard*
Ashley W. Hardin*
**WILLIAMS & CONNOLLY LLP**
725 Twelfth Street, N.W.
Washington, DC 20005
Telephone: (202) 434-5000
Facsimile: (202) 434-5029
emainigi@wc.com
lheard@wc.com
ahardin@wc.com

*\* denotes national counsel who will seek pro hac vice admission*

*Attorneys for Defendants Cardinal Health 5, LLC; Cardinal Health 100, Inc.; Cardinal Health 108, LLC; Cardinal Health 110, LLC; Cardinal Health 113, LLC; Cardinal Health 132, LLC; Cardinal Health 200, LLC; Cardinal Health 414, LLC; and The Harvard Drug Company, LLC, d/b/a Major Pharmaceuticals, d/b/a Rugby Laboratories*

**CERTIFICATE OF SERVICE**

     I hereby certify that a true and correct copy of the foregoing was served via United States first-class mail this 27th day of March, 2018, upon the following:

| | |
|---|---|
| LeeAnne Applegate<br>Elizabeth Natter<br>Charles W. Rowland<br>Assistant Attorneys General<br>Commonwealth of Kentucky<br>Office of the Attorney General<br>Office of Consumer Protection<br>1024 Capital Center Drive, Suite 200<br>Frankfort, Kentucky 40601<br>Elizabeth.Natter@ky.gov<br>LeeAnne.Applegate@ky.gov<br>Charlie.Rowland@ky.gov<br>(502) 696-5300<br>*Attorneys for Plaintiff* | David Johnstone<br>Brian C. Thomas<br>Assistant Attorneys General<br>Commonwealth of Kentucky<br>Office of the Attorney General<br>Office of Medicaid Fraud and Abuse<br>1024 Capital Center Drive, Suite 200<br>Frankfort, Kentucky 40601<br>David.Johnstone@ky.gov<br>Brian.Thomas@ky.gov<br>(502) 696-5300<br>*Attorneys for Plaintiff* |

     /s/Steven B. Loy
     *Counsel for Defendants*