UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

COMMONWEALTH OF KENTUCKY, Plaintiff,

v. Civil Action No. 3:18-cv-184-DJH

CARDINAL HEALTH 5, LLC, et al., Defendants.

\* \* \* \* \*

# ORDER

The Commonwealth of Kentucky, through its attorney general, filed this action against various pharmaceutical companies in Jefferson Circuit Court. (Docket No. 1-2) The Commonwealth seeks to hold these companies liable for their alleged "role [in] fueling the opioid epidemic in the Commonwealth through fraudulent, unfair, false, misleading, and/or deceptive business practices." (*Id.*, PageID # 27-28) Defendants removed the action to this Court, invoking the Court's federal-question jurisdiction. (D.N. 1) Defendants have filed a motion to stay proceedings in this action pending a ruling by the Judicial Panel on Multidistrict Litigation (JPML) on their application to transfer the action to another district for pretrial proceedings pursuant to 28 U.S.C. § 1407. (D.N. 4) The Commonwealth has filed a motion to remand the case to Jefferson Circuit Court, arguing that this Court lacks jurisdiction because the claims arise under state law. (D.N. 5; D.N. 5-1) The Commonwealth urges the Court to deny the motion to stay and rule on its motion to remand. (D.N. 6)

Defendants notified the JPML that this action was a possible "tag along" to those already transferred to MDL No. 2804. (D.N. 4-1) The JPML then entered an order conditionally transferring this action to the MDL, and the Commonwealth filed an objection with the Panel. *In re Nat'l Prescription Opiate Litig.*, No. 1:17-md-2804-DAP, Docket No. 230 (N.D. Ohio Apr.

1

10, 2018). "In determining whether to issue a stay pending a final ruling by the JPML, the Court should consider '(1) the interests of judicial economy; (2) hardship and inequity to the moving party if the action is not stayed; and (3) potential prejudice to the non-moving party.'" *Beshear v. Volkswagen Grp. of Am., Inc.*, No: 16-cv-27-GFVT, 2016 WL 3040492, at *6 (E.D. Ky. May 25, 2016) (quoting *Meyers v. Bayer AG*, 143 F. Supp. 2d 1044, 1053 (E.D. Wis. 2001)). "Whether or not to grant a stay is within the court's discretion and it is appropriate when it serves the interests of judicial economy and efficiency." *Id.* (quoting *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1360 (C.D. Cal. 1997)).

The Court's analysis is informed by the Eastern District of Kentucky's recent treatment of a nearly identical case. In *Commonwealth of Kentucky v. McKesson Corp.*, the attorney general, on behalf of the Commonwealth, sued another pharmaceutical company, McKesson Corporation, seeking to hold the company accountable for its alleged "role [in] fueling the opioid epidemic . . . through unfair, false, misleading, and/or deceptive business practices." No. 3:18-cv-10-GFVT, Docket No. 1-2 (E.D. Ky. Feb. 23, 2018). After McKesson removed the action to the Eastern District, *id.*, D.N. 1 (E.D. Ky. Feb. 23, 2018), the Commonwealth filed a motion to remand, *id.*, D.N. 4 (E.D. Ky. Mar. 1, 2018), and McKesson filed a motion to stay pending a ruling by the JPML on whether to transfer the action to the MDL, *id.*, D.N. 7 (E.D. Ky. Mar. 2, 2018).

The Eastern District stayed the action pending a determination by the JPML and deferred decision on the Commonwealth's motion to remand. *Id.*, D.N. 14 (E.D. Ky. Apr. 12, 2018). In doing so, the court noted that the action was similar to other cases brought against manufacturers and distributors of opioids for allegedly deceptive practices and that those cases had been transferred to MDL No. 2804 in the Northern District of Ohio. *Id.* In particular, McKesson had

already been named as a defendant in the MDL. *Id.* "By naming one of the same defendants and alleging the same set of complaints," the court reasoned, "th[e] action [was] likely to be consolidated with [the MDL]." *Id.* And the district judge presiding over the MDL "ha[d] indicated his desire to address motions to remand collectively, as several other actions in the multidistrict litigation ha[d] also named non-diverse defendants." *Id.* The court therefore found that a stay of the proceedings and deferral of the motion to remand were appropriate. *Id.* Less than two months later, the JPML issued an order transferring the action to the MDL. *Id.*, D.N. 21 (E.D. Ky. June 6, 2018).

The Court finds the Eastern District's reasoning in the *McKesson* case instructive. This action undoubtedly shares common questions of fact with actions previously transferred to the MDL. For example, the Commonwealth's complaint against McKesson and its complaint against the defendants here both allege that the companies filled suspicious orders of unusual size and frequency from Kentucky pharmacies for prescription opioids, distributed massive quantities of opioid drugs throughout the Commonwealth, shipped drugs into the Commonwealth without adequate policies and procedures to detect suspicious orders, and failed to report such suspicious orders to authorities. *See id.*, D.N. 1-2 (E.D. Ky. Feb. 23, 2018). (*See* D.N. 1-2) More than half of the defendants in this action have already been named as defendants in the MDL. Moreover, the district judge presiding over the MDL has indicated that he plans to address motions to remand by allowing the parties to file such motions even after transfer. *In re Nat'l Prescription Opiate Litig.*, D.N. 130 (N.D. Ohio Feb. 16, 2018). Because it is likely that this action will be consolidated with the MDL, the Court will stay the proceedings in this case pending the JPML's transfer decision.

3

Consideration of the relevant factors also counsels in favor of granting a stay. "[T]he sheer number of related cases . . . weighs in favor of a stay in the interests of judicial economy."[1] *Beshear*, 2016 WL 3040492, at *6. And the Commonwealth's argument that it will suffer prejudice because of the stay is unpersuasive. While the Commonwealth asserts that a stay will delay a ruling on its motion to remand, "[t]he JPML has recognized that remand motions can be decided post-transfer and can be resolved by the transferee judge." *Id.* at *7. As previously noted, the transferee court here plans to address remand motions. Therefore, the MDL court can address the motion to remand if this action is indeed transferred; otherwise, this Court will resolve the motion after the stay is lifted.

District courts within the Sixth Circuit have recognized that "the 'general rule is for federal courts to defer ruling on pending motions to remand in MDL litigation until after the [JPML] has transferred the case.'" *Id.* at *8 (alteration in original) (quoting *Kelly v. Aultman Physician Ctr.*, No. 5:13-CV-0994, 2013 WL 2358583, at *2 (N.D. Ohio May 29, 2013)). The Court sees no reason to deviate from this general rule under the circumstances presented here. Accordingly, and the Court being otherwise sufficiently advised, it is hereby **ORDERED** as follows:

(1)  Defendants' motion to stay (D.N. 4) is **GRANTED**.

(2)  This action is **STAYED** pending the JPML's transfer decision.

(3)  The parties are **DIRECTED** to file a joint status report within **seven (7) days** of the JPML's transfer decision.

July 24, 2018

**David J. Hale, Judge**
**United States District Court**

---

[1] Over 800 related cases have been transferred to the MDL. *See In re Nat'l Prescription Opiate Litig.*, D.N. 778 (N.D. Ohio July 24, 2018).